Filed 8/12/15  People v. Poole CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LAMONTE POOLE,<br><br>    Defendant and Appellant. | H041694<br>(Santa Clara County<br>Super. Ct. No. C1350948) |

Defendant was charged by amended complaint with presenting a false or fraudulent insurance claim, a felony (Pen. Code, § 550, subd. (a)(1)[1]; count 1), and falsely reporting a crime, a misdemeanor (§ 148.5, subd. (a); count 2), with both offenses occurring in 2012.  The complaint alleged two prior strike offenses.  (§§ 664.8, subd. (c), 1192.7, subd. (c).)

Defendant pleaded no contest to the amended complaint, and, at sentencing, the trial court dismissed the prior strike offenses pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  Defendant received a mid-term three-year prison sentence on count 1 and a concurrent 30-day jail term on count 2, with credit for time served.  The court ordered defendant placed on parole for a maximum of five years, citing section 3000, subdivision (b)(1).

Defendant argues, and the Attorney General concedes, that the trial court erred by imposing a five-year maximum parole period.  Under section 3000, subdivision (b)(1),

---

[1] All statutory references are to the Penal Code.

the period of parole for a crime committed prior to July 1, 2013, other than first or second degree murder or certain specified sex offenses, shall not exceed three years unless the defendant received a life sentence.  (§ 3000, subd. (b)(1)-(b)(4).)

Defendant received a three-year prison sentence for making a false insurance claim under section 550, subdivision (a)(1).  The Penal Code does not provide for a specified parole period for this offense.  Thus, defendant is subject to a maximum three-year period of parole as specified in section 3000, subdivision (b)(1).  Accordingly, we will modify the judgment to reflect a maximum three-year parole period.

## DISPOSITION[2]

The trial court is directed to prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment to reflect a three-year maximum period of parole.  As modified, the judgment is affirmed.

---

[2] This appeal is subject to an abbreviated form of opinion under Standard 8.1 of the California Judicial Council's Standards of Judicial Administration, incorporated into the California Rules of Court effective January 1, 2007.

_____

Grover, J.

**WE CONCUR:**


_____

Rushing, P.J.



_____

Márquez, J.




*People v Poole*
**H041694**